IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVERETT J. SCOTT,

        Plaintiff,

v.

JOHN MYRICK, et al.,

        Defendants.

Case No. 2:16-cv-00618-YY

ORDER

YOU, Magistrate Judge.

    Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action *pro se*. Currently before the court are several motions, which are addressed below.

**I.    Plaintiff's "Motion for Preliminary Injunctive Relief" (ECF No. 29)**

    Plaintiff has filed what he has entitled a "Motion for Preliminary Injunctive Relief." However, in the motion, plaintiff does not seek injunctive relief. Rather, he seeks an order directing defendants to have him "independently" examined by an "expert" pulmonologist to help "prove irrefutably past and present mistreatment." Thus, plaintiff is not seeking an examination for purposes of administering medical treatment, but instead for the purpose of

1 - ORDER

proving the merits of his case. Accordingly, this court treats plaintiff's motion as one for the appointment of an expert.

Under Fed. R. Evid. 706, the court has discretion to appoint an expert where "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." *Ledford v. Sullivan*, 105 F.3d 354, 358–59 (7th Cir. 1997). Although the court may apportion the cost of an expert to one side, where the costs would likely be apportioned to the government, the court should exercise caution. *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Ford v. Wildey*, Case No. 1:10 cv 01024 LJO SAB (PC), 2015 WL 1637794 at *3 (E.D. Cal. Apr. 13, 2015).

Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. See 28 U.S.C. § 1915(d); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (§ 1915 does not waive the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights action). The Supreme Court has held that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *United States v. MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976). Thus, Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for a party. *Ford*, 2015 WL 1637794 at *3 (citing *Faletogo v. Moya*, Case No. 12cv631 GPC (WMC), 2013 WL 524037 at *2 (S.D. Cal. Feb. 12, 2013)).

Plaintiff has failed to demonstrate that the issues are so complicated that at this time a court-appointed expert is necessary to assist the court in understanding the evidence. Accordingly, plaintiff's motion is denied with leave to refile at a later date.

II. **Plaintiff's "Motion to Enter Documents Into Plaintiff's Evidentiary Discovery File" (ECF No. 40), "Motion to Correct Discovery File Record" (ECF No. 45), "Motion to Correct Discovery Record and Enter Further Documents Into the Record" (ECF No. 57), and "Motion to Correct Discovery Record" (ECF No. 62)**

Plaintiff filed a second "Motion to Enter Documents into Plaintiff's Evidentiary Discovery File" (ECF No. 40) wherein he asks the court to enter various documents attached to the motion into this case as evidence. Plaintiff also filed three motions (ECF Nos. 45, 57, and 60) seeking to "correct" some of the discovery submitted. Plaintiff's motions are granted to the extent that the documents included therewith are construed as plaintiff's additional exhibits for the purposes of this case and otherwise denied.

III. **Plaintiff's "Motion for Contempt of Court" (ECF No. 44)**

Plaintiff seeks an order pursuant to Fed. R. Civ. P. 37 finding the state defendants in contempt for failure to disclose discovery. Specifically, plaintiff contends the state defendants have failed to provide plaintiff's Douglas County Medical Records and his TRCI unit longs and incident reports from units #4 and #5 from 2008 through 2015. Defendants respond that they produced plaintiff's Douglas County Medical Records and the incident reports, and were working through the voluminous unit logs to provide the relevant documents.

Rule 37 provides that if a party fails to obey an order to provide discovery, the court may issue further orders which may include treating such failure as contempt. Fed. R. Civ. P. 37(b)(2)(A)(vii). A party should not, however, be held in contempt if the party's actions "appear to be based on good faith and a reasonable interpretation of the court's order." *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993)

(quotation omitted). Defendants response indicates they have already provided most of the discovery at issue, and are working in good faith toward provided the remaining unit logs. Accordingly, plaintiff's Motion for Contempt of Court (ECF No. 44) is DENIED.

### IV. Plaintiff's "Motion for Judgment as a Matter of Law" (ECF No. 54)

Plaintiff seeks an order granting judgment in his favor under Fed. R. Civ. P. 50, on the basis that he "has given the court multiple documents supporting his claims of the Defendants['] Medical Indifference to him over a period of (8) years." Rule 50 provides, in pertinent part:

> If a party has been fully heard on an issue during a jury trial and the court finds that reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . grant a motion for judgment as a matter of law.

Fed. R. Civ. P. 50(a). A Rule 50 motion may be made during or after a jury trial, and entering judgment under Rule 50 before Defendants have been fully heard on the issues before the Court would be premature. *Id*.; *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1019 (9th Cir. 2005). Accordingly, Plaintiff's Motion for Judgment as a Matter of Law (ECF No. 54) is denied.

///
///
///
///
///
///
///

4 - ORDER

## CONCLUSION

For these reasons, Plaintiff's "Motion for Preliminary Injunction" (ECF No. 29), Motion for Contempt of Court (ECF No. 44), and Motion for Judgment as a Matter of Law (ECF No. 54) are DENIED.  Plaintiff's Motion to Enter Documents into Plaintiff's Evidentiary Discovery File (ECF No. 40), Motion to Correct Discovery File Record (ECF No. 45), Motion to Correct Discovery Record and Enter Further Documents into the Record (ECF No. 57), and Motion to Correct Discovery Record (ECF No. 62) are GRANTED to the extent that the documents included therewith are construed as plaintiff's additional exhibits for the purposes of this case and otherwise DENIED.

IT IS SO ORDERED.

DATED this 31st day of August, 2017.

/s/ Youlee Yim You<br>
Youlee Yim You<br>
United States Magistrate Judge